Samuel PATTERSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A03–0003–CR–109.

Court of Appeals of Indiana.

Feb. 16, 2001.

of an additional 41 years, which would be to age 73.

(R. at 406–07.)

Donald W. Pagos, Michigan City, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION—ON REHEARING

DARDEN, Judge.

We grant Patterson's Petition For Rehearing for the sole purpose of clarifying our opinion. On December 18, 2000, we affirmed Samuel Patterson's ("Patterson") convictions for rape and burglary as class B felonies. *Patterson v. State,* 742 N.E.2d 4 (Ind.Ct.App.2000). In that case, we held that Patterson did not have a reasonable expectation of privacy in the blood sample lawfully taken by police, pursuant to a search warrant, on December 6, 1997. Our analysis under the Fourth Amendment revealed that the State's subsequent DNA testing of Patterson's legally seized blood was a search, but that it was reasonable under the facts of this case.

Patterson now argues that his Petition For Rehearing should be granted for the following reasons: (1) our holding impermissibly extends the "special needs" exception to the Fourth Amendment warrant requirement; and (2) Patterson had a reasonable expectation of privacy in his blood sample given on December 6, 1997 because he was not required to provide a blood sample to the DNA Databank until after the second set of tests, and society is prepared to recognize an expectation of privacy in blood samples lawfully collected by police.

### 1. *The "Special Needs" Exception*

■■■ In our opinion, we made no mention of extending the "special needs" exception to the warrant requirement. Further, Patterson misunderstands the application of the "special needs" exception. The exception does not apply to law enforcement related searches. It is "directed toward certain unique problems unlike those ordinarily confronted by police officers in their day-to-day investigative and enforcement activities." WAYNE R. LaFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 3.9 (2d ed.1992).

In *Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 619, 109 S.Ct. 1402, 1414, 103 L.Ed.2d 639 (1989), the Supreme Court addressed the "special needs" exception as follows:

> In most criminal cases, we strike this balance in favor of the procedures described by the Warrant Clause of the Fourth Amendment. Except in certain well-defined circumstances, a search or seizure in such a case is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable

cause. We have recognized exceptions to this rule, however, "when 'special needs, beyond the normal need for law enforcement, make the warrant and probable cause requirement impracticable.'" (quoting *Griffin v. Wisconsin,* 483 U.S. 868, 873, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987) (citations omitted)). This is why the "special needs" exception has been applied to searches outside the scope of criminal investigations. *See Skinner,* 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (drug and alcohol testing of railroad employees); *National Treasury Employees Union v. Von Raab,* 489 U.S. 656, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989) (drug-testing of U.S. Customs Service employees); *O'Connor v. Ortega,* 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) (workplace searches conducted by government employers and supervisors); *Vernonia School Dist. 47J v. Acton,* 515 U.S. 646, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995) (random drug-testing of school athletes); *Chandler v. Miller,* 520 U.S. 305, 117 S.Ct. 1295, 137 L.Ed.2d 513 (1997) (drug-testing of candidates for high office). Therefore, because Patterson's blood sample was tested as part of a law enforcement investigation, the testing, by definition, is not a special need "beyond the normal need for law enforcement." *Skinner,* 489 U.S. 602, 619, 109 S.Ct. 1402, 103 L.Ed.2d 639.

2. *Reasonable Expectation of Privacy*

■ In our opinion, we stated that Patterson did not have a reasonable expectation of privacy because he was already required to provide a blood sample to the DNA Databank for his December 6, 1997 burglary conviction. Patterson argues that this is incorrect because the blood samples were submitted to the labs on November 18, 1997 and August 16, 1998, and the jury did not convict him until May 11, 1999. Patterson is correct.

■ Although Patterson may not have been required to provide a sample to the DNA Databank at the time the blood samples were submitted to the labs, he still did not have a reasonable expectation of privacy.

To determine whether a person has a reasonable expectation of privacy, we employ a two-part test: (1) "we ask whether the individual, by his conduct, has exhibited an actual expectation of privacy;" and (2) "we inquire whether the individual's expectation of privacy is 'one that society is prepared to recognize as reasonable.'"

*Patterson,* 742 N.E.2d at 11 (citations omitted). There is still no evidence in the record that Patterson exhibited, by his conduct at the time of the seizure, an actual expectation of privacy. Further, under the facts of this case, society is not prepared to recognize as reasonable an individual's expectation of privacy in a blood sample lawfully obtained by police.

Judgment of conviction is affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.